## CARR *v.* THE STATE OF OHIO.

*Criminal law—Fraudulently conveying land without title— Section 18125, General Code—Defendant's knowledge that deed between other persons was spurious, immaterial— Guilty knowledge established by evidence that defendant's grantor without title.*

1. In prosecution under Section 13125, General Code, for conveying land without title, under indictment alleging that defendant unlawfully, fraudulently, and knowingly sold land to another by general warranty deed, knowledge by defendant that deed between other persons was spurious was immaterial.

2. In prosecution under Section 13125, General Code, for conveying land without title, evidence that person from whom defendant claimed to have obtained deed never owned land showed guilty knowledge by defendant of want of title.

(Decided December 8, 1926.)

App.]                    Carr   v.   State.

Error:   Court of Appeals for Morrow county.

*Messrs. Barry & Wieland,* for plaintiff in error.
*Mr. C. H. Conaway,* and *Mr. Benj. Olds,* for defendant in error.

Houck, J.   This case comes into this court on a petition in error from the common pleas court of Morrow county.

The plaintiff in error, P. F. Carr, defendant below, was indicted by the grand jury of Morrow county, Ohio, under favor of Section 13125, General Code, for conveying land without title. The accused was tried to a petit jury in the common pleas court, found guilty, and sentenced to a term in the Ohio Penitentiary.

Error is prosecuted to this court seeking a reversal of the judgment of conviction upon one ground only, to wit, a failure of proof to sustain the material allegations contained in the indictment.

Section 13125 reads:

"Whoever, with intent to defraud, knowingly sells or conveys land or an interest therein, without having title to it either in law or equity, by descent, devise, written contract or deed of conveyance, shall be imprisoned in the penitentiary not less than one year nor more than seven years."

In order to determine whether prejudicial error occurred in the trial, and whether or not the claim of counsel for plaintiff in error has any basis in fact and law, it was necessary for us to examine and read the testimony offered in the trial, which we have carefully done.

Learned counsel for Carr in their brief make the following statement:

"Now, we challenge this record to show that on the day that Carr deeded this land to Ruhl, or at any time before, he had any knowledge that the deed from Vinton Walker to John M. Davis was a spurious deed. The allegation, 'did unlawfully, fraudulently, and knowingly sell,' is just as essential to be proven by the state in this case as it is to prove that he deeded this land without having a deed therefor."

To this claim we cannot and do not assent, because the basis and foundation of the indictment is:

"That one P. F. Carr did unlawfully, fraudulently, and knowingly sell and convey to one A. F. Ruhl, by deed of general warranty, dated April 3, 1920, a certain tract of land, to wit."

Therefore, it occurs to us that a further discussion of the alleged claim of counsel with reference to knowledge on the part of Carr as to the deed from Walker to Davis needs no further comment.

Counsel further say in their brief, and urge it most strongly in oral argument, that the conviction of Carr is unlawful and not supported by the record evidence, for the reason:

"That the state failed to prove the allegations in the indictment, that P. F. Carr did unlawfully, fraudulently, and knowingly sell and convey to one A. F. Ruhl by deed of general warranty dated April 3, 1920, a certain tract of land [describing same] without having a title to said tract of land either in law or equity by descent, devise, written contract or deed of conveyance, with intent thereby to defraud."

The proof in this case wholly and absolutely fails to substantiate the claim of counsel for Carr. The undisputed and uncontradicted evidence is that D. B. Stevens, from whom Carr claims to have obtained a deed and title to the real estate in question, never owned the land, and, in fact, Stevens testifies that at no time did he own the farm in question, or any other land in this state or anywhere else. It is clear to us that this testimony alone, which stands undisputed, brings guilty knowledge to Carr. True, it is in evidence that the alleged deed from Stevens to Carr was executed by a notary public who never, in fact, existed. The evidence further discloses that a second deed was made out and delivered to Carr to correct the first deed from Stevens to Carr, and that the second deed was acknowledged by a notary public, who, in fact, never existed. Other evidence was offered in the trial which we do not consider at this time necessary to quote or refer to which in addition to the above clearly and conclusively shows that the allegations and statements and every element necessary to be established in order to convict the accused of the crime charged in the indictment were and are fully and completely made out.

An examination of the record now under review fully shows that the accused had a fair and impartial trial. He was defended by able counsel, who guarded his every interest, and, if the record is to be relied upon, his conviction is fully sustained by the facts. True, the accused did not take the stand, but under the law and our Constitution he is not required to do so. Many of the proven and undisputed facts upon which the jury

properly returned a verdict of guilty against the accused were wholly and entirely within the knowledge of Carr.    They stood unchallenged, and, as Carr and no one else disputed them, or testified otherwise, they stand out in bold relief as undis-- puted facts from which the jury was fully justified in returning its verdict of guilty.

We have given this case careful and earnest consideration, and are of the unanimous opinion that the record is free from prejudicial error.    It therefore follows that the judgment of the common pleas court should be affirmed, which is accordingly done.

*Judgment affirmed.*

SHIELDS and LAMBERT, JJ., concur.